OPINION
John Jefferson, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-325416, in which the trial court determined that defendant-appellant was a sexual predator pursuant to R.C. 2950 et seq. Defendant-appellant assigns eleven errors for this court's review.
Defendant-appellant's appeal is not well taken.
On July 5, 1995, the Cuyahoga County Grand Jury returned a seven count indictment against John Jefferson, defendant-appellant, alleging two counts of kidnaping, in violation of R.C.2905.01, and five counts of gross sexual imposition, in violation of R.C. 2907.05. The victims, two males and one female, were under the age of thirteen years at the time of the offenses. On July 21, 1995, defendant-appellant was arraigned whereupon a plea of not guilty was entered to all counts of the indictment.
On October 18, 1995, defendant-appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to the amended offense of abduction, in violation of R.C. 2905.02, as well as three counts of gross sexual imposition. The plea agreement contained an agreed sentence of two to ten years incarceration on the charge of abduction to be served concurrently with two year sentences on each count of gross sexual imposition.
On February 28, 1997, and March 20, 1997, the trial court conducted hearings pursuant to H.B. 180 and R.C. 2950 et seq. the purpose of which were to determine whether defendant-appellant should be classified as a "sexual predator" under R.C. 2950.01
and therefore subject to the registration and notification requirements of the statute. At the hearings, the state introduced a Court Psychiatric Clinic Sanity and Competency Report and an Adult Sex Offender Assessment Summary in support of its position that defendant-appellant should be classified as a sexual predator. Defendant-appellant also testified extensively during the hearing.
At the conclusion of the hearing, the trial court determined by clear and convincing evidence that defendant-appellant was indeed a sexual predator pursuant to the factors set forth in the statute. On April 22, 1997, defendant-appellant filed a timely notice of appeal from the adjudication of the trial court.
On appeal, defendant-appellant challenges the constitutionality of H.B. 180 through his first, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error which state as follows:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 9, OF THE OHIO CONSTITUTION.
Defendant-appellant argues, through his first, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error, that R.C. 2950 et seq. is unconstitutional in both its scope and application. Specifically, defendant-appellant maintains that H.B. 180 amounts to an ex post facto law and constitutes retroactive legislation, the clear and convincing evidence standard set forth in the statute violates the equal protection and due process clauses of the United States Constitution, the legislation is unconstitutionally vague, constitutes an unconstitutional bill of attainder, constitutes double jeopardy, violates a defendant's constitutional right to privacy and that the public notification requirements of the statute amount to cruel and unusual punishment. It is defendant-appellant's position that, in light of the perceived constitutional violations inherent in the legislation, this court must conclude that the statute itself is unconstitutional and reverse the trial court's sexual predator determination.
In the case sub judice, after a complete review of the record and the briefs of counsel, it is apparent that defendant-appellant's assigned errors regarding the constitutionality of R.C. 2950 are without merit in light of the recent Ohio Supreme Court decision in State v. Cook (1998), 83 Ohio St.3d 404 as well as this court's interpretation of the Cook decision in State v.Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. In the above cited cases it was determined that the notification, registration and verification provisions of R.C. 2950 are remedial in nature rather than punitive and therefore R.C. 2950 is constitutional in scope as well as application.
Accordingly, defendant-appellant's first, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error are not well taken.
Defendant-appellant's second assignment of error states:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
Defendant-appellant maintains, through his second assignment of error, that the trial court violated his right to due process by conducting the sexual predator determination hearing without properly adhering to the procedural requirements of R.C. 2950.09
which provides in pertinent part:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
Specifically, defendant-appellant maintains that the sexual predator determination made by the trial court was based upon a prior conviction and a state pre-sentence and psychiatric report containing hearsay which could not be cross-examined.
At the hearing, the state presented the underlying facts of defendant-appellant's conviction, the Court Psychiatric Clinic Sanity and Competency Report and the Adult Sex Offender Assessment Summary. In addition, defendant-appellant was given the opportunity to testify at the hearing regarding the underlying offenses as well as the states exhibits. In Cook,supra, the Supreme Court determined that the trial court may consider reliable hearsay in a sexual predator determination hearing. Id. at 425. Clearly, defendant-appellant was not deprived of the procedural safeguards provided for in R.C.2950.09. Defendant-appellant's second assignment of error is not well taken.
Defendant-appellant's third assignment of error states:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS MORE LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant-appellant argues, through his third assignment of error, that the evidence presented at the sexual predator hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. R.C. 2950.01(E) defines sexual predator as "a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
In making the determination that a defendant is a sexual predator, the trial court must consider all relevant factors, including, but not limited to the factors set forth in R.C.2950.09(B)(2)
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) does not require that each factor be satisfied in order to make a determination that a defendant is a sexual predator. The statute simply requires that the trial court consider all factors which are relevant to its determination. SeeState v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The clear and convincing evidence standard is the measure or degree of proof which is more than a preponderance of the evidence but not to the extent of such certainty as is required for proof beyond a reasonable doubt as in all other criminal matters. State v. Scheibel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the degree of proof which produces in the mind of the trier of fact a firm belief as to the facts sought to be established. In reviewing a trial court's determination based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence was presented to satisfy the requisite degree of proof. Id. at 74; State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported.
In the case herein, a review of the record demonstrates that the trial court was presented with sufficient evidence to support its ultimate adjudication that defendant-appellant is a sexual predator as contemplated by R.C. 2950.01(E). At the hearing, the trial court called defendant-appellant to testify as a court's witness at which time he admitted to engaging in sexual misconduct with the three minor victims identified in the indictment. In addition, the trial court referred to the Competency and Sanity Reports of the Court Psychiatric Clinic as well as the Adult Sex Offender Assessment Summary of the West Side Community Mental Health Center both of which concluded that defendant-appellant is a pedophile with a risk of recidivism. Given the evidence presented, it is apparent that the trial court did not err in concluding that defendant-appellant is a sexual predator within the meaning of R.C. 2950.01(E) in that he was "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense" and that he "is likely to engage in the future in one or more sexually oriented offenses." For the foregoing reasons, defendant-appellant's third assignment of error is not well taken.
Defendant-appellant's eleventh and final assignment of error states:
 XI. APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11(C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
In his eleventh and final assignment of error, defendant-appellant argues that his underlying guilty plea was not knowingly, intelligently and voluntarily entered. Specifically, defendant-appellant maintains that the trial court failed to inform him at the time of the plea hearing of the possible application of R.C. 2950 in the future. It is defendant-appellant's position that the trial court's alleged failure constituted a violation of Crim.R. 11 and invalidated the underlying plea.
Initially, it must be noted that, at the time the trial court accepted defendant-appellant's guilty plea, the court informed him of the maximum punishment and all constitutional effects of defendant-appellant's plea that were in existence at that time as mandated by Crim.R. 11. Subsequently, the legislation at issue became effective January 1, 1997 and July 1, 1997. Clearly at the time of the underlying plea hearing, the statute had not yet been enacted and had no application to defendant-appellant's October 18, 1995 plea to the indicted offenses. Furthermore, to argue that the trial court should be required to inform a defendant of all the possible consequences of his plea is untenable. See Statev. Hill (July 24, 1998), Montgomery App. No. 16791, unreported at 2; State v. Kenney (May 22, 1998), Hamilton App. No. C-970443, unreported. For example, the trial court is not required to inform defendant-appellant of all the effects of his guilty plea which could include the potential for losing his employment, home, marriage, reputation or that a plea to a felony offense will deprive the offender of his right to vote and/or to possess a firearm. Given the remedial nature of R.C. 2950. it is apparent that the trial court's failure to inform defendant-appellant of its effect does not invalidate an otherwise constitutionally valid plea of guilty or no contest. State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
In addition, a review of the record below demonstrates that defendant-appellant has failed to file a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and has therefore waived this issue on appeal. See State v. Betances (July 10, 1997), Cuyahoga App. No. 69032, unreported. Since the validity of the defendant-appellant's plea was not raised at the trial court level and for the above stated reasons, defendant-appellant's eleventh and final assignment of error is not well taken.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHEAL J. CORRIGAN, J.
SPELLACY, P.J.,
ROCCO, J., CONCUR.